Amy J. Gittler (State Bar No. 004977)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Amy.Gittler@jacksonlewis.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Aranda, <br><br> Plaintiff, <br><br> v. <br><br> Chicanos Por La Causa, Inc. an Arizona nonprofit corporation, <br><br> Defendant. | Case No: 4:24-cv-00079-AMM <br><br> **ANSWER** |

For its Answer to Plaintiff's Complaint ("the Complaint"), Chicanos Por La Causa, Inc. ("CPLC") admits, denies, and alleges as follows:

1. Admits this Court has subject matter jurisdiction.

2. Denies the allegations of Paragraph 2 except admits this Court has supplemental jurisdiction.

3. Paragraph 3 is argumentative, calls for a legal conclusion, and requires no response. To the extent factual allegations are intended, Defendant denies the allegations.

4. Paragraph 4 is argumentative, calls for a legal conclusion, and requires no response. To the extent factual allegations are intended, Defendant denies the allegations except Defendant admits this action was filed on February 9, 2024.

5. Paragraph 4 is argumentative, calls for a legal conclusion, and requires no response. To the extent factual allegations are intended, Defendant denies the allegations.

6. Denies the allegations of Paragraph 6 except admits that venue is proper and during her employment, Plaintiff worked in Pima County.

7. On information and belief, Defendant admits the allegations of Paragraph 7.

8. Admits the allegations of Paragraph 8.

9. On information and belief, Defendant admits the allegations of Paragraph 9.

10. Admits the allegations of Paragraph 10.

11. Admits the allegations of Paragraph 11.

12. Paragraph 12 is argumentative, calls for a legal conclusion, and requires no response. To the extent factual allegations are intended, Defendant denies the allegations.

13. Admits the allegations of Paragraph 13.

14. Admits the allegations of Paragraph 14 are approximately correct.

15. Admits that CPLC undertakes multiple kinds of programs in multiple states.

16. Admits the allegations of Paragraph 16.

17. Denies the second sentence, admits the first sentence, and lacks sufficient information to admit or deny, and therefore denies the last sentence of Paragraph 17.

18. Admits the allegations of Paragraph 18.

19. Denies the allegations of Paragraph 19.

20. Denies the allegations of Paragraph 20, except admits the allegations as to those locations where there was a regional president and expressly denies there was an Arizona President.

21. Denies the allegations of Paragraph 21.

1  22. Denies the allegations of Paragraph 22.

2  23. Lacks sufficient information to admit or deny, and therefore denies the
3  allegations of Paragraph 23.

4  24. Lacks sufficient information to admit or deny, and therefore denies the
5  allegations of Paragraph 24.

6  25. Denies the allegations of Paragraph 25 except admits Plaintiff was hired in
7  Arizona in or about September 2019.

8  26. Denies the allegations of Paragraph 26.

9  27. Denies the allegations of Paragraph 27.

10 28. Denies the allegations of Paragraph 27.

11 29. Lacks sufficient information to admit or deny, and therefore denies the
12 allegations of Paragraph 29.

13 30. Lacks sufficient information to admit or deny, and therefore denies the
14 allegations of Paragraph 30.

15 31. Denies the allegations of Paragraph 31.

16 32. Lacks sufficient information to admit or deny, and therefore denies the
17 allegations of Paragraph 32.

18 33. Denies the allegations of Paragraph 33 except admits Plaintiff was paid a
19 salary. The legal conclusion is argumentative and requires no response.

20 34. Denies the allegations of Paragraph 34 except admits that Plaintiff was the
21 only female to call herself President, a position she did not hold.

22 35. Admits the allegations of Paragraph 35.

23 36. Denies the allegations of Paragraph 36.

24 37. Denies the allegations of paragraph 37.

25 38. Denies the allegations of Paragraph 38, except lacks sufficient information
26 to admit or deny the first sentence of Paragraph 38, and on that basis denies those
27 allegations.

28

3

1  39. Denies the allegations of Paragraph 38 except admits Plaintiff raised
2  certain concerns with Mr. Adame.

3  40. Denies the allegations of Paragraph 40 except admits Mr. Gonzales
4  directed that Plaintiff use the title of her actual position, instead of the title she was
5  using.

6  41. Denies the allegations of Paragraph 41.

7  42. Denies the allegations of Paragraph 42.

8  43. Denies the allegations of Paragraph 43.

9  44. Denies the allegations of Paragraph 44, lacks information as to whom
10 Plaintiff is comparing herself, and therefore denies that allegation, except admits
11 Plaintiff's position was eliminated, and her employment was terminated.

**COUNT I**

13 45. Defendant incorporates the foregoing responses to the allegations.

14 46. Paragraph 46 is argumentative, calls for a legal conclusion, and requires no
15 response. To the extent factual allegations are intended, Defendant denies the
16 allegations.

17 47. Paragraph 47 is argumentative, calls for a legal conclusion, and requires no
18 response. To the extent factual allegations are intended, Defendant denies the
19 allegations.

20 48. Denies the allegations of Paragraph 47.

21 49. Denies the allegations of Paragraph 48.

22 50. Denies the allegations of Paragraph 50, including subparagraphs (a)-(c).

**COUNT II**

24 51. Defendant incorporates the foregoing responses to the allegations.

25 52. Paragraph 52 is argumentative, calls for a legal conclusion, and requires no
26 response. To the extent factual allegations are intended, Defendant denies the
27 allegations.

28 53. Denies the allegations of Paragraph 53.

1      54.      Denies the allegations of Paragraph 54.

2      55.      Denies the allegations of Paragraph 55.

3      56.      Denies the allegations of Paragraph 56.

4      57.      Denies the allegations of Paragraph 57.

5      58.      Denies the allegations of Paragraph 58, including subparagraphs (1)-(3).

## COUNT III

7      59.      Defendant incorporates the foregoing responses to the allegations.

8      60.      Denies the allegations of Paragraph 60.

9      61.      Denies the allegations of Paragraph 61, including subparagraphs (a)-(b).

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint not expressly admitted herein and denies that Plaintiff has been damaged as alleged in the Complaint, or at all.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on Plaintiff.

1. Failure to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by her failure to timely exhaust her administrative remedies and other limitations periods.

3. Some or all of Plaintiff's claims are barred because Plaintiff has failed to meet or fulfill the statutory prerequisites to bringing this action.

4. On information and belief, Plaintiff failed to mitigate her damages.

5. Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

6. Some or all of Plaintiff's claims are barred by the doctrine of after-acquired evidence.

5

7. At all times relevant, Defendant acted in good faith to comply with Plaintiff's legally protected rights.

8. Defendant exercised reasonable care and complied with all obligations under the law to prevent discrimination.

9. All employment actions taken against Plaintiff were based on legitimate non-discriminatory factors other than sex, or any other protected characteristic.

10. Defendant did not engage in any unlawful or discriminatory practice with malice or reckless disregard of Plaintiff's federally protected rights.

11. Some or all the claims may be barred in whole or in part by the doctrines of estoppel, laches, or waiver.

12. Plaintiff is not entitled to recover punitive and/or exemplary damages because Defendant cannot be vicariously liable for discriminatory employment decisions of its agents since those decisions, if any, were contrary to its good-faith efforts to comply with all applicable laws prohibiting discrimination.

13. Should Plaintiff recover any monies, Defendant is entitled to an off-set for the unauthorized personal costs Plaintiff expensed to Defendant during her employment.

14. Any employment action taken against Plaintiff was based on reasonable factor(s) other than sex.

Defendant reserves the right to add to these defenses as evidence becomes available.

**THEREFORE**, having fully answered the Complaint, Defendant moves the Court to:

1. Dismiss Plaintiff's Complaint with prejudice;
2. Grant judgment in favor of Defendant and against Plaintiff;
3. Award Defendant its reasonable attorneys' fees and costs; and
4. Grant such other and further relief as the Court deems appropriate.

1  DATED: September 26, 2024.

JACKSON LEWIS P.C.

By: /s/ *Amy J. Gittler*
    Amy J. Gittler
    Attorneys for Defendant

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul Gattone
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, AZ 85701
GattoneCivilRightsLaw@gmail.com
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4861-9506-7113, v. 3

8