# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Aranda,<br><br>          Plaintiff,<br><br>v.<br><br>Chicanos Por La Causa Incorporated,<br><br>          Defendant. | No. CV-24-00079-TUC-AMM<br><br>**ORDER** |

On October 30, 2024, a Telephonic Pretrial Scheduling Conference was held before this Court. The parties have submitted their Joint Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Doc. 18.) Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

**IT IS ORDERED:**

1. <u>Initial Disclosures.</u> The parties shall exchange initial disclosures as defined under Fed. R. Civ. P. 26(a)(1) on or before **November 22, 2024**. To satisfy the requirements of Fed. R. Civ. P. 26, the parties shall file a Notice of Initial Disclosure with the Clerk of Court.

2. <u>Joining Parties and Amending Pleadings.</u> The deadline for seeking leave to join parties and amend pleadings is **December 20, 2024**. Thereafter, the Court will entertain these motions only for good cause. Fed. R. Civ. P. 16. Amended pleadings must comply with Fed. R. Civ. P. 15 and LRCiv 15.

3. <u>Expert Disclosures.</u> The deadline for disclosure of Plaintiff's initial expert

witnesses and reports pursuant to Fed. R. Civ. P. 26(a)(2) is **March 7, 2025**. The deadline for disclosure of Defendant's initial expert witnesses and reports pursuant to Fed. R. Civ. P. 26(a)(2) is **April 25, 2025**. Disclosure of rebuttal expert testimony for all parties shall be completed no later than **May 9, 2025**. Rebuttal experts shall be limited to responding to opinions stated by initial experts. All other witnesses shall be disclosed on or before **March 7, 2025**

4. <u>Discovery.</u> All discovery, including answers to interrogatories, production of documents, depositions, and requests for admissions, shall be completed by all parties no later than **May 30, 2025**. Written discovery must be served sufficiently in advance of this deadline to allow time for the opposing party to answer and for the requesting party to complete any additional discovery made necessary by the answers.

   a. Pursuant to Rule 5.2 of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv"), the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures.

   b. Discovery shall be governed by the limitations set forth in the Federal Rules of Civil Procedure. Leave of Court is required for any divergence from the Federal Rules.

   c. Notwithstanding LRCiv 7.3, the parties may mutually agree in writing, without the Court's approval, to extend the time provided for discovery responses in Fed. R. Civ. P. 33, 34, and 36, but such agreed-upon extensions shall not alter or extend the deadlines set forth in this Order.

   d. The parties shall **not** file written discovery motions without leave of the Court. In the event of a discovery dispute, the parties must personally consult regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. *See* LRCiv 7.2(j). If a discovery dispute cannot be resolved despite the parties' sincere efforts, counsel for the parties should notify the Court by **jointly** calling the Judge's Law Clerk

at (520) 205-4590. The parties should provide a brief summary of the nature of the dispute and their respective positions. Depending upon the nature of the dispute, the Court may set a conference, order written briefing or a discovery motion, or decide the dispute without conference, briefing, or a motion. Any discovery motion shall comply with LRCiv 7.2(j). Absent extraordinary circumstances, the Court will not entertain discovery disputes after the discovery deadline. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

    e. The parties and counsel are reminded of their duty under Fed. R. Civ. P. 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.

5. <u>Dispositive Motions.</u> Dispositive motions shall be filed on or before **July 25, 2025**. All motions, memoranda, and pleadings submitted for the Court's review and decision must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules. The parties are advised to pay particular attention to LRCiv 7.2 and 56.1. Non-compliance with the Local Rules or failure to timely file required answering memoranda may result in the summary disposition of a motion pursuant to LRCiv 7.2(i).

    a. Absent leave of Court, each party shall file no more than one motion for summary judgment under Fed. R. Civ. P. 56.

    b. Any filing submitted with more than one exhibit must be accompanied by a Table of Contents. Exhibits must be indexed with tabs that correspond with the Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

    c. The parties shall provide to the Court a **bound hard copy** of any filing that is **more than ten (10) pages in length**, **motions to dismiss**, **motions for summary judgment**, motions for temporary restraining

orders, sealed documents, **and any responses and replies thereto**. This applies to all attachments, appendices, and indices that are included with a motion filed with the Court. If the hard copy contains multiple documents, each document shall be individually tabbed. **Hard copies must be printed directly from ECF** to ensure that the ECF pagination is included in the Court's copy for ease of reference. *See* Electronic Administrative Policies and Procedures Manual § II(D)(3).

6. Good Faith Settlement Negotiations. The parties are encouraged to discuss settlement at all times during the pendency of this litigation. The Court will set a settlement conference before a Magistrate Judge upon request of the parties. Counsel shall file a brief Joint Settlement Status Report (containing no specific settlement terms or offers) on or before **January 31, 2025**, and every **90 days** thereafter. The parties shall promptly notify the Court if settlement is reached during the course of this litigation.

7. Joint Proposed Pretrial Order. A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** after resolution of dispositive motions. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **July 25, 2025**. The content of the Joint Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Preparation and filing of the Joint Proposed Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties must exchange drafts of the Joint Proposed Pretrial Order at least **fourteen (14) days before the submission deadline.** Plaintiff(s) must initiate communications concerning the Joint Proposed Pretrial Order.

    a. **Motions in limine** shall be filed no later than **two weeks after the filing of the proposed Joint Pretrial Order**. Responses to motions in limine are due ten days after the motion in limine is filed. No replies are permitted. Any hearing on motions in limine will be set at the Pretrial Conference.

    b. Pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow

the parties to offer any exhibit, witness, or other evidence that was not (a) disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, and (b) listed in the Joint Proposed Pretrial Order, unless the offering party can show good cause as to why such party failed to comply with these requirements.

    c.    The parties must exchange exhibits to be used at trial at least **fourteen (14) days** before the submission deadline for the Joint Proposed Pretrial Order. Any exhibit not marked and exchanged at this meeting may be precluded at trial. The exhibits must be numbered and marked in accordance with the instructions found at www.azd.uscourts.gov under "Judges' Information/Orders, Forms & Procedures/Standard Procedures Used by All Tucson Judges." The exhibit numbers must correspond to exhibit numbers listed in the Joint Proposed Pretrial Order.

8.    <u>Final Pretrial Conference.</u> The Court will set a date for the Final Pretrial Conference upon the filing of the Joint Proposed Pretrial Order, and the Trial Date in this matter will be set at the Final Pretrial Conference.

9.    <u>Sanctions for Failure to Meet Deadlines.</u> The parties and their counsel are cautioned that the deadlines set in this Scheduling Order shall be strictly enforced and may be modified only for good cause and with leave of Court. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal or Local Rules without substantial justification may result in sanctions, including dismissal of the action or entry of default. Motions for extensions of any of the deadlines set forth above must be filed prior to the expiration of the deadline(s) that the movant seeks to extend. Counsel cannot, without the Court's approval, extend the deadlines imposed by the Court. **All motions and requests for extension of time** shall comply with LRCiv 7.3 and **must state the position of each other party**. All motions and requests for extension of discovery deadlines must include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery

1 has not been completed within the deadline.

2       10.    <u>All Motions.</u> All motions, responses, and replies must comply with LRCiv 7.2(e). All motions that are non-dispositive must have a proposed order attached in accordance with LRCiv 7.1(b)(2)–(3). A copy of the **motion and proposed order** must be emailed in Microsoft Word (.doc) format to Chambers at: martinez_chambers@azd.uscourts.gov, in accordance with the Electronic Administrative Policies and Procedures Manual § II(G). These proposed orders must not be on law firm letterhead and must not contain any information identifying the party submitting the order, and they must set forth the relief requested, rather than incorporating the motion or stipulation by reference. *See also* LRCiv 7.1(b)(3). The email's subject line must include the case name, case number, state that it is a "proposed order for [name of motion]," and indicate whether the motion is opposed or unopposed.

      Dated this 30th day of October, 2024.

_____
Honorable Angela M. Martinez
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XXXX,<br><br>        Plaintiff(s),<br><br>v.<br><br>XXXX,<br><br>        Defendant(s). | No. CV-XX-XXXXX-TUC-AMM<br><br>**[Joint Proposed Pretrial Order]** |

Pursuant to the Court's Scheduling Order, the following Joint Proposed Pretrial Order reflects the agreement of the parties and shall, upon approval, be incorporated into the Final Pretrial Order:

**I.     IDENTIFICATION OF PARTIES AND COUNSEL**

**II.    NATURE OF ACTION**

Provide a concise statement of the case, including the cause(s) of action and the relief sought.

**III.   STATEMENT OF JURISDICTION**

State all claims in this matter and cite the statutes that give this Court jurisdiction over each claim.

**IV.    PARTIES' CONTENTIONS**

The party having the burden of proof shall list the elements or standards that must be proven with respect to each count of the complaint, counterclaim, or cross claim, and with respect to any defense, affirmative defense, or rebuttal of a presumption where the

burden of proof has shifted.

## V.   STIPULATIONS AND UNCONTESTED FACTS

Identify any stipulations that the parties have reached and any facts that the parties do not contest.

## VI.   CONTESTED ISSUES OF FACT

The parties must list the issues of fact to be tried and determined at trial. State each issue of fact separately and in specific terms, followed by each party's contentions as to each issue.

## VII.   CONTESTED ISSUES OF LAW

The parties must list the issues of law to be tried and determine at trial. State each issue of fact separately and in specific terms, followed by each party's contentions as to each issue.

## VIII.   LIST OF WITNESSES

Each party shall provide a list of witnesses that the party intends to call at trial. As to each witness, identify whether he or she is a fact witness or expert witness. Include a brief statement of the expected testimony of any expert witness.

The parties must include the following text in this section of the Joint Proposed Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party."

## IX.   LIST OF EXHIBITS

Each party must provide a list of numbered exhibits. For each exhibit, the party shall include a description that contains sufficient information to identify and distinguish the exhibit. An annotation of either "UNCONTESTED" or "CONTESTED" must follow each listed exhibit. If the exhibit is contested, the party offering the exhibit must include a brief statement of the opposing party's objection. The parties must mark all exhibits according to the instructions that the Court will provide approximately two weeks prior to trial. An

example of a list of exhibits is as follows: 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated 6/15/14. CONTESTED by *** for relevance, foundation, and hearsay.

The parties shall include the following text in this section of the Joint Proposed Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Pretrial Order that any objections not specifically raised herein are waived."

**X.     LIST OF DEPOSITIONS**

A party intending to introduce portions of depositions at trial must list such portions and include the page number(s) and line number(s). An annotation of either "UNCONTESTED" or "CONTESTED" must follow each identified portion of each listed deposition. If the deposition portion is contested, the party offering the deposition must include a brief statement of the opposing party's objection.

The parties shall include the following text in this section of the Joint Proposed Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Pretrial Order that any deposition not listed as provided herein will not be permitted at trial absent good cause."

**XI.    JURY TRIAL OR BENCH TRIAL**

1.     <u>For a Jury Trial</u>

Any trial briefs, proposed voir dire, deposition testimony, objections to exhibits and depositions, stipulations, interrogatories to the jury, and stipulated jury instructions shall be filed no later than thirty (30) days prior to the start of trial unless the Court orders otherwise. The parties must file and serve upon each party any jury instructions that are not agreed upon, together with a concise argument in support of the instruction, no later than thirty (30) days before the start of trial. Objections to the contested jury instruction(s) must be filed and served upon each party fourteen (14) days thereafter. No replies shall be permitted without prior approval from the Court. All proposed jury instructions shall conform with Local Rule 51. Motions in limine shall be filed no later than thirty (30) days before trial. Any opposition shall be filed and served fourteen (14) days thereafter. No

replies shall be permitted without prior approval from the Court.

    B.    <u>For a Bench Trial</u>

Any trial briefs, objections to exhibits and depositions, motions in limine, and stipulations shall be filed no later than thirty (30) days prior to the start of trial unless the Court orders otherwise. Proposed findings of fact and conclusions of law (only upon the Court's request) shall be filed fourteen (14) days prior to the start of trial, unless otherwise directed by the Court.

## XII. PROBABLE LENGTH OF TRIAL

Each party shall identify the estimated length of time it will take to present its case at trial.

## XIII. ADDITIONAL INFORMATION THAT MAY BE HELPFUL TO THE COURT

    A.    <u>Pending Motions</u>: Identify all motions that remain pending on the docket as of the date of this Joint Proposed Pretrial Order.

    B.    Include any other information that may be helpful to the Court.

## XIV. INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

1. Proper names, including those of witnesses;
2. Acronyms;
3. Geographic locations;
4. Technical (including medical) terms, names, or jargon;
5. Case names and citations; and
6. Pronunciation of unusual or difficult words or names.

In addition, please send (or transmit electronically) to the court reporter a copy of the concordance from key depositions.

///

XV. **CERTIFICATION**

Undersigned counsel for each of the parties in this action do hereby approve and certify:

1. All discovery has been completed.
2. The identity of each witness has been disclosed to opposing counsel.
3. Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.
4. All other form and content of this Joint Proposed Pretrial Order.

XVI. **ADOPTION**

The Court may adopt this Joint Proposed Pretrial Order at the Final Pretrial Conference or at a subsequent hearing.

_____           _____

Attorney for Plaintiff                     Attorney for Defendant